# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JORGE ADRIAN RIVERA-BRIDIGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 8921 |
| | ) | |
| FORFEITURE COUNSEL, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Government's motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

On October 15, 2013, the United States Drug Enforcement Administration (DEA) seized from Plaintiff Jorge Adrian Rivera-Brigido (Rivera) $30,300.00 in United States currency in $20, $50, and $100 denominations (Currency). In November 2013, the Government commenced administrative forfeiture proceedings to forfeit the currency. On December 13, 2013, Rivera filed the instant action and indicated in his complaint that he opposed the forfeiture of the Currency. On February 12, 2014, the DEA, having received no claim for the Currency or notice of

1

the filing of the instant action, forfeited the Currency and terminated the administrative process. The Government moves to dismiss the instant action.

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 983(a)(2) (Section 983(a)(2)), "[a]ny person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure. . . ." 18 U.S.C. § 983(a)(2). A Section 983(a)(2) claim must "(I) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) be made under oath, subject to penalty of perjury." *Id.* A Section 983(a)(2) claim "need not be made in any particular form. . . ." *Id.* In addition, pursuant to 28 C.F.R. § 9.3 (Section 9.3), certain persons may file a petition for remission or mitigation in an administrative forfeiture proceeding. *Id.*

## DISCUSSION

The Government argues that the instant action should be dismissed because once the time to file a claim in the administrative forfeiture proceedings expired, this court was divested of subject matter jurisdiction. Pursuant to Section 983(a)(2), a claim "may be filed not later than the deadline set forth in a personal notice letter (which deadline may be not earlier than 35 days after the date the letter is mailed), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure." 18 U.S.C. §

983(a)(2)(B). A district court is divested of subject matter jurisdiction upon the initiation of an administrative forfeiture proceeding and jurisdiction will only arise if there is a timely claim filed. *Linarez v. U.S. Dept. of Justice*, 2 F.3d 208, 211 (7th Cir. 1993)(holding that a district court is divested of jurisdiction by the initiation of an administrative forfeiture proceeding); *see also, e.g., Mohammad v. United States*, 169 Fed.Appx. 475, 480 (7th Cir. 2006)(stating that "by sending notice of a seizure and proposed forfeiture to parties known to be interested in the property and publishing notice to all others in a newspaper-an agency holding seized property divest[ed] the district court of subject matter jurisdiction to review the forfeiture" and "[t]he district court remain[ed] without jurisdiction unless an interested party timely submit[ted] a claim and post[ed] a bond with the seizing agency"); *United States v. Burns*, 2000 WL 374283, at *2 (7th Cir. 2000)(stating that "[b]y initiating administrative forfeiture proceedings, an agency that has seized property divests the district court of subject matter jurisdiction over the forfeiture"). The Government contends that a notice of seizure (Notice) was sent to Rivera on November 13, 2013. The Government contends and Rivera does not dispute that the Notice read in part as follows:

> In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in the UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **December 18, 2013**. The claim need not be made in any particular form (Title 18, U.S.C. Section 983(a)(2)(D)). The claim shall identify the specific property bring claimed. . . . If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset,

3

and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil of criminal - even if such proceeding has already been commenced or is commenced in the future.

(P Ex. 1). The Government contends that it waited 60 days after sending the notice and, having received no notice of a claim filed by Rivera or notice of the instant action, the Government forfeited the Currency and terminated the administrative process.

I. Filing of Instant Action

Rivera contends that he complied with the timing requirements under Section 983(a)(2), by filing the instant action on December 13, 2013. However, the term "claim" referred to in Section 983(a)(2) referred to filing a claim with the appropriate federal agency, rather than initiating an action in federal district court. *See, e.g.*, 18 U.S.C. § 983(a)(2)(E)(stating that "[e]ach Federal agency conducting nonjudicial forfeitures under this section shall make claim forms generally available on request"); *Mohammad*, 169 Fed.Appx. at 480 (stating that "§ 983 defines the steps to follow in making a claim with the *agency* that seized and holds the property" and indicating a claim must "submit[] a claim . . . with the seizing agency")(emphasis in original); *United States v. $7,696.00 In U.S. Currency*, 2013 WL 1827668, at *3 (N.D. Iowa 2013)(explaining that a claim must be filed "with the law enforcement agency," in "the nonjudicial forfeiture action").

The court also notes that although Rivera repeatedly claims that he served the

DEA with the summons and complaint in this action on December 18, 2013, (Ans. 3, 5, 8, 10, 13), no such executed service has been reflected on the docket by Rivera. In addition, the certificate of service attached to Rivera's response shows that service was mailed to the DEA on February 24, 2014, after the completion of the forfeiture proceedings. (P Ex. 7); *see also Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy*, 552 F.3d 885, 891-92 (D.C. Cir. 2009)(stating that the claimant "received adequate notice of the administrative forfeitures, [] that it chose to contest those forfeitures only by filing petitions for discretionary remission, and that it never raised any judicial forfeiture arguments before the DEA"). Thus, the filing of the instant action did not comply with the requirements in Section 983(a)(2) or the Notice for the filing of a claim.

II. Petition for Remission or Mitigation

Rivera also contends that on December 11, 2013, he mailed to the DEA a document (Petition) entitled "Petition for Remission or Mitigation of a Civil Forfeiture Action by the United States Drug Enforcement Administration." (Ans. 2). Rivera contends that he intended his Petition to serve both as a petition for remission or mitigation under Section 9.3 and a notice of a claim to the DEA under Section 983(a)(2). Rivera, however, points to no controlling precedent that would allow the same document to serve both as a claim opposing a forefeiture and a petition for remission or mitigation. Section 983(a)(2) and Section 9.3 clearly contemplate separate documents, particularly since such documents would entail differing legal

5

positions as to the overall validity of the seizure. *See In re Twenty-Seven Thousand Seven Hundred Dollars and Twenty-Five Cents ($27,700.25) U.S. Currency and Coin*, 2014 WL 37749, at *4 (S.D. Miss. 2014)(explaining that a "petitioner seeking remission or mitigation of a forfeiture does not contest the legitimacy of the forfeiture," whereas a " petition for remission or mitigation is a means of ameliorating the harshness of forfeiture when mitigating circumstances exist")(internal quotation omitted)(quoting *United States v. Morgan*, 84 F.3d 765, 767 n. 3 (5th Cir. 1996)); *Starwood Management, LLC v. United States*, 2012 WL 6596635, at *2 (D. Ariz. 2012)(explaining that "[a] petition for remission seeks the discretionary return of the property from the agency and a claim initiates the judicial process to decide whether the property should be forfeited"); *Cohen-Sanchez v. United States ex rel. Drug Enforcement Admin.*, 2012 WL 1150760, at *3 (D.N.J. 2012)(stating that "[a] Claim challenges the validity of the seizure," but "[o]n the other hand, by filing a Petition, the petitioner admits the validity of the seizure but requests relief due to mitigating circumstances"). Rivera has not shown that the Government improperly construed the Petition as anything other than what its title reflected, namely a petition for remission or mitigation. *See, e.g., Rodriguez v. Drug Enforcement Administration*, 219 Fed.Appx. 22, 23 (1st Cir. 2007)(stating that "[a] clear misconstrual of his petition states a due process claim within the district court's subject matter jurisdiction"). Thus, the filing of the Petition did not comply with the requirements in Section 983(a)(2) or the Notice for the filing of a claim.

III. Equitable Jurisdiction

Rivera also argues that even if this court were divested of subject matter jurisdiction by the initiation of the administrative forfeiture proceedings, this court has discretion to exercise equitable jurisdiction in this case under the equitable tolling doctrines. (Ans. 10-11); *see also Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990)(discussing equitable tolling doctrines). However, the Seventh Circuit has indicated that the exercise of equitable jurisdiction is generally not appropriate in cases such as this. *Mohammad*, 169 Fed.Appx. at 481. In addition, even if this court had discretion to exercise equitable jurisdiction in this case, Rivera has not shown that such an exercise of discretion is warranted in this case. Rivera was provided with clear and proper notice of the administrative forfeiture proceedings and failed to act to pursue a claim in a timely fashion. Rivera has not provided good cause for his delay. Rivera asserts that he "was induced by the DEA into allowing the deadline to file a claim to pass," by sending Rivera a letter indicating that the seizure would be ruled on administratively and by failing to notify the United States Attorney's Office which then could have filed a judicial forfeiture action. (Ans. 9-10); *see also $7,696.00 In U.S. Currency*, 2013 WL 1827668, at *3 (explaining that "[u]nder 18 U.S.C. § 983, when a federal law enforcement agency initiates a forfeiture action and a claimant files a claim of ownership with the law enforcement agency, the nonjudicial forfeiture action is terminated and the United States must file a civil complaint for forfeiture within ninety days of the date the claimant filed the claim of ownership"). However, Rivera has never offered

7

documentation to substantiate his assertion that he served the DEA on December 18, 2013. Nor has Rivera shown that he was misled in any way by the Government. The Notice clearly explained to Rivera what he needed to do to make a claim, and the undisputed facts show that Rivera chose not to follow such directions. There is nothing unfair in holding Rivera responsible for his own delay and inaction. The administrative forfeiture process is in place to avoid unnecessary delays and expenses. Judicial economy would not be served by reopening the completed forfeiture process at this juncture.

IV. Evidentiary Hearing

Rivera argues that he is entitled to an evidentiary hearing because the Government is claiming it received inadequate notice and where due process rights are at issue a hearing is warranted. *See Krecioch v. United States*, 221 F.3d 976, 980 (7th Cir. 2000)(stating that "federal courts possess jurisdiction to review collateral due process attacks on administrative forfeitures"); *United States v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005)(stating that "[o]nce an administrative forfeiture is complete, a district court may review only 'whether the forfeiture comported with constitutional due process guarantees'")(quoting *Kadonsky v. United States*, 216 F.3d 499, 502 (5th Cir. 2000)). However, the undisputed record shows the notice that Rivera admittedly received and that Rivera failed to act in a timely fashion to file a claim in accordance with the Government's notice and Section 983(a)(2). Rivera fails to present any evidence relating to his claim in this case that would legitimately

8

raise due process concerns. Rivera's ad hoc explanations and generalized claims of confusion do not provide any basis for the necessity of an evidentiary hearing in this case. Nor do the vague representations by Rivera's counsel that on some unspecified date he "had conversations with the United States Attorney's office," about matters provide a sufficiently detailed factual basis to warrant an evidentiary hearing. (Ans. 3). Based on the above, the Government's motion to dismiss is granted.

## CONCLUSION

Based on the foregoing analysis, the Government's motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 18, 2014